### WALTER and WIFE v. EVANS and WIFE.

Court of Common Pleas.  Sussex.  May, 1794.

*Miller's Notebook, 49.*

*Ridgely,* for defendant, objected to his answering this question. Any evidence respecting the payment of this money involves the interest of the witness. By proving the money was once paid by him to William Robinson, he discharges himself of the debt and fixes it upon another person, to wit, William Robinson. This is certainly to be considered as an interest, and the smallest possible interest is sufficient to invalidate testimony. But further, the best evidence of this transaction is not produced. If the money was really paid into Robinson's hands in discharge of the bond, why not produce the bond, or a receipt for the money. This would be an unexceptionable and a better evidence of the payment, if made.

*Miller,* for plaintiff. The law of evidence has undergone considerable change and received great improvement in modern times. At this day, the only principle upon which a witness can be rejected as interested is on the ground of interest in the event of the cause one way or another. An interest in the question which arises in the cause can in no case now render a witness incompetent. This principle is more clearly established in some of the modern authorities than in the others, and upon reasons which must satisfy anyone of its propriety. Morg.Ess. 260, 262, 263, 266, 267; 1 Term 163, 164; 3 Term 32, 35, 36; 4 Term 20. It is true this appears to have been once a *vexata questio,* but the current of our late authorities very clearly settle the law. Now it evidently appears that Seth Hudson, the witness, can have no interest in the event of this cause. If on his testimony a verdict be given for plaintiff, it cannot affect the claim which W. Robinson's executors have against him, if he have never paid the money or taken up the bond. If a suit be brought against him for this money, he cannot avail himself of this verdict by giving it in evidence. As to the production of the bond or a receipt, it is unnecessary. Payments are frequently made without taking up the bond, or taking receipts from various causes; receipts are frequently lost. Besides, the demand recoils on the defendant; if the bond was never paid, they have it, and let them produce it.

BASSETT, C. J. It must be acknowledged that there are in the books of authority various opinions on this subject, and it seems almost impossible to reconcile all the cases. As far as we can, we are to collect the principles and the good sense upon which the determinations are founded, and these may serve to guide us in the particular cases which come before us. The distinction

between objections which go to the credit and to the competency of witnesses is clearly and most satisfactorily established at this time; and in general it seems best, when there is no direct rule of law against it, to let objections operate on the credit rather than on the competency. Witnesses may have wishes, as a father may have for his son in whose cause he is sworn; they may feel an influence on their minds, as where they stand in the same situation with the party for whom they are called to give evidence. Such circumstances are open to observations on the credit of the witnesses; they certainly may be sworn. A very important question in the present inquiry is whether the record in this cause, let it terminate as it may, can affect the interest of Seth Hudson. We are not able to see that it can. And the solution of that question in this manner seems, of itself, sufficient to justify the admission of the evidence. Let the witness proceed.

After the evidence was closed on the part of the plaintiff, the Attorney General moved the Court for a nonsuit. He contended that by an Act of Assembly passed in 1766, 2 Body Laws 110, it is made necessary, in case of actions brought against an executor or administrator, before a recovery can be had, to make probate of the demand by the oath of the plaintiff. That the words are full to this purpose: "If any suit be brought against an executor or administrator for the recovery of any debt due as above, and the plaintiff shall refuse so to swear or affirm, they shall be nonsuit and pay full costs of suit." That this regulation is founded in good sense, reason and propriety. If it were not for this guard, framed for the wisest purposes by our laws, demands might frequently be set up again, which once did exist, but which were paid and settled in the decedent's time, and the vouchers only now surviving in the mind of the creditor. Many guards of the same kind are necessary to protect the estates of deceased persons against the prosecution of unjust claims. It is far more requisite to strengthen than to weaken the operation of these checks. The Act of Assembly ascertains the law on the subject, and reason justifies a rigid execution of it.

*Miller,* for plaintiff, opposed the motion. The Act of Assembly, upon which the defendant places his whole reliance, will not support the doctrine he has advanced. The introductory clause, which states particularly the kinds of demands to which the Act is intended to apply, confines the regulation altogether to specialties or other securities for the payment of money or goods. The principle of the Act, so far as it respects this regulation, is stated with equal perspicuity; to wit, the permitting specialties etc. to be sufficient evidence of the sums of money or quantity of goods due thereon. In the present case, no such specialty or

other security is produced because none exists, therefore the principle nor the inconvenience cannot apply. The plaintiff proves his demand by the testimony of third persons, which is a case by no means included in the Acts or in the contemplation of the legislature.

The CHIEF JUSTICE observed that the motion must be overruled. The decided opinion of the Court was that the Act of Assembly did not apply where the demand or the cause of action was proved by third persons, independent of any specialty or other written security. Many cases may be supposed where the plaintiff could not with propriety or truth swear to the demand. If the original party to the contract be dead, and the suit be brought by his executor or administrator, relying solely on the testimony of third persons, with what propriety can the probate be made by one who was not privy to the contract and is entirely ignorant of the transaction?